```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF SOUTH CAROLINA
                      CHARLESTON DIVISION

David Oppenheimer and           )
Performance Impressions, LLC,   )
                                )
     Plaintiffs,                )
                                )
vs.                             ) Civil Action 2:16-cv-00336-DCN
                                )
Brand Name Real Estate of SC,   )
Inc.,                           )
                                )
     Defendant.                 )
                                )
_____)   (JURY TRIAL DEMANDED)
```

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW David Oppenheimer and Performance Impressions, LLC, Plaintiffs in the above captioned action, and, complaining of Defendant, show this Honorable Court as follows:

1. This is a civil action for copyright infringement arising under the Constitution, laws, or treaties of the United States and is a civil action arising under an Act of Congress relating to copyrights.

2. Plaintiffs invoke the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, pursuant to 28 U.S.C. § 1338(a) because it is related to copyrights, and pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

3. This case is governed by the *Copyright Act,* 17 U.S.C. § 101, *et seq.,* the *Digital Millennium Copyright Act*, 17 U.S.C. § 1201, *et seq*. (D.M.C.A.), and laws supplemental thereto and amendatory thereof.

4. At all times material hereto, Plaintiff David Oppenheimer (hereinafter "Oppenheimer") was and is a citizen of the State of North Carolina, residing in Asheville, NC.

5. At all times material hereto, Oppenheimer was and is a professional photographer and visual artist doing business through his company, Performance Impressions, LLC.

6. At all times material hereto, Plaintiff Performance Impressions, LLC (hereinafter "Performance"), was and is a limited liability company created and existing by virtue of the laws of the state of North Carolina, with a place of business in Asheville, NC.

7. Performance was and is in the business of licensing, and selling for profit photographs and visual images created by Oppenheimer.

8. On information and belief at all times material hereto, Defendant Brand Name Real Estate of SC, Inc. (hereinafter "Brand Name") was and is a business corporation created and existing by virtue of the laws of South Carolina, doing business as "Brand Name Real Estate," with a principal place of business at 4 Carriage Lane, Suite 106, Charleston, SC

29407.

9. This Court has personal jurisdiction over Brand Name because Brand Name conducts systematic and continuous business within this judicial District, Brand Name's agents and affiliates can be found within this judicial District, and acts giving rise to the Complaint occurred within this judicial District.

10. On information and belief at all times material hereto, Brand Name was and is in the residential real estate brokerage business in the Charleston, SC area.

11. On information and belief at all times material hereto, Brand Name conducted its business through the actions of a broker-in-charge and other licensees.

12. On information and belief at all times material hereto, the broker-in-charge of Brand Name had responsibility over the actions of all associated licensees.

13. On information and belief at all times material hereto, Brand Name advertised its brokerage services on the internet through websites managed by Brand Name and its agents.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and pursuant to 28 U.S.C. § 1400(a) because Brand Name conducts systematic and continuous business within this judicial District, Brand Name's agents and affiliates can be found within this judicial District, and acts giving rise to the Complaint occurred within this judicial District.

## FOR A FIRST CAUSE OF ACTION
(Direct Copyright Infringement – 3 Counts)

15. Plaintiffs restate the above allegations as if set forth herein verbatim.

16. On or before August 31, 2013 Plaintiffs created a photographic image ("photograph") depicting an aerial view of Dockside Condominiums and Charleston Harbor.

17. The subject photograph was owned by Oppenheimer.

18. The subject photograph was not in the public domain.

19. On August 31, 2013 Plaintiffs registered the subject photograph with the United States Copyright Office under registration number VAu 1-142-190.

20. From that date, Plaintiffs have held all the exclusive rights to the subject photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly. 17 U.S.C. § 106.

21. On or after August 31, 2013 Plaintiffs published the subject photograph on one or more websites with numerous copyright notices including a watermark with clear copyright management information.

22. On information and belief, Brand Name hired James E. Schiller as a real estate agent, to provide agency services to Brand Name's real estate brokerage business on commission.

23. On information and belief, Brand Name permitted and/or required its real estate agents to advertise Brand Name's real estate brokerage services to the public.

24. On information and belief, Brand Name acted through James E. Schiller in advertising its real estate brokerage services for sale to the public in interstate commerce.

25. On information and belief, Brand Name, by and through James E. Schiller, on or about February 27, 2014 began the first two infringing uses of the subject photograph in commercial advertisements which promoted the sale of Brand Name's real estate brokerage services to the public in interstate commerce, after knowingly and intentionally removing the watermark and clear copyright management information from the subject photograph.

26. On information and belief, Brand Name, by and through James E. Schiller, on or about December 8, 2014 began its thrid infringing use of the subject photograph in commercial advertisements which promoted the sale of Brand Name's real estate brokerage services to the public in interstate commerce, after knowingly and intentionally removing the watermark and clear copyright management information from the subject photograph.

27. On information and belief, said commercial advertisements including three infringing uses of the subject photograph were

widely displayed and made publicly available on the internet.

28. Without authority of the copyright owner or the law, Brand Name, by and through its agent James E. Schiller, reproduced, displayed, distributed, and used the subject photograph for its direct financial benefit.

29. Said volitional acts of James E. Schiller as agent were the volitional acts of Brand Name.

30. The said acts of Brand Name constituted direct willful infringement of Plaintiffs' copyrights in the subject photograph. 17 U.S.C. § 504(b) and (c).

31. As a direct and proximate result of said willful infringement of Plaintiffs' copyrights Plaintiffs have suffered actual damages estimated at $36,000.00 and have incurred, and will in the future incur, attorneys' fees and costs of this action.

32. On information and belief, as a direct and proximate result of said willful infringement of Plaintiffs' copyrights, Brand Name as infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

33. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

34. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
(Vicarious Copyright Infringement – 3 Counts)

35. Plaintiffs restate the above allegations as if set forth herein verbatim.

36. On information and belief, James E. Schiller furthered the financial interests of Brand Name by advertising Brand Name's real estate brokerage services.

37. On information and belief, James E. Schiller reproduced, displayed, distributed, and used the subject photograph on one or more web pages in connection with advertising featuring Brand Name's trade name, "Brand Name Real Estate," its logo, and its trade dress.

38. On information and belief, Brand Name had the right and ability to supervise James E. Schiller's infringing activity.

39. On information and belief, Brand Name had a direct financial interest in advertising its real estate brokerage services.

40. As a consequence of its financial interest and its right and ability to supervise, Brand Name has vicarious liability for copyright infringement.

41. As a direct and proximate result of said infringement of Plaintiffs' copyrights Plaintiffs have suffered actual damages estimated at $36,000.00 and have incurred, and will in the future incur, attorneys' fees and costs of this action.

42. On information and belief, as a direct and proximate result of said infringement of Plaintiffs' copyrights, Brand Name as

infringer has posted gross revenues in an amount to be determined by the jury, which may be deemed to be a measure of infringer's profit. 17 U.S.C. § 504(b).

43. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

44. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

FOR A THIRD CAUSE OF ACTION
(Removal of Copyright Management Information – 3 Counts)

45. Plaintiffs restate the above allegations as if set forth herein verbatim.

46. Without authority of the copyright owner or the law, Brand Name, by and through its agent James E. Schiller, reproduced, displayed, distributed, and used one or more reproductions of the subject photograph from which the clear copyright management information had been removed.

47. Brand Name, by and through its agent James E. Schiller, knew that the clear copyright management information had been removed from the subject photograph without the authority of Plaintiffs or the law.

48. Brand Name, by and through its agent James E. Schiller, knew, or had reasonable grounds to know, that such removal of the clear copyright management information would induce, enable, facilitate, or conceal an infringement of Plaintiffs' rights.

*49.* Brand Name, by and through its agent James E. Schiller, knowingly violated the D.M.C.A. 17 U.S.C. § 1201, *et seq.*

50. Due to Brand Name' violations of law, Plaintiffs are entitled to actual damages and any additional profits measured by Brand Name' gross revenue, and an award of attorneys' fees and costs of the action.

51. Said actions of Brand Name, by and through James E. Schiller, with regard to the said three infringing uses were willful.

52. In the alternative, Plaintiffs are entitled to statutory damages, an award of attorneys' fees and costs of the action.

<u>PLAINTIFFS' PRAYER</u>

WHEREFORE, by reason of the foregoing, Plaintiffs demand trial by jury of all issues of fact, and pray that summons issue as to Defendant; that Defendant be cited and made to appear and answer the aforesaid matters; that process in due form of law according to the practice of this Court issue against Defendant; that judgment be rendered for Plaintiffs and against Defendant for actual damages and all additional profits, and for an award of attorneys' fees and costs of the action; or, in the alternative, upon Plaintiffs' election, that judgment be rendered for Plaintiffs and against Defendant for maximum statutory damages; and that judgment be rendered for Plaintiffs and against Defendant for declaratory relief, injunctive relief, attorneys' fees, and costs of the action; and that this Court award any other amount and grant any

9

other relief which may be proved or that justice may require.

        RESPECTFULLY SUBMITTED:

        JOHN HUGHES COOPER, P.C.

        By: /s/John Hughes Cooper__
        JOHN HUGHES COOPER, ESQUIRE
            Federal Court ID 298
            South Carolina Bar 1387
            State Bar of Georgia 185986
            shiplaw@jhcooper.com
        JOHN TOWNSEND COOPER, ESQUIRE
            Federal Court ID 10172
            South Carolina Bar 76087
            jtc@jhcooper.com
        1476 Ben Sawyer Blvd., Suite 11
        Mt. Pleasant, SC 29464
        843-883-9099; fax 843-883-9335

        ATTORNEYS FOR PLAINTIFFS,
        DAVID OPPENHEIMER and PERFORMANCE
        IMPRESSIONS, LLC

February 3, 2016
Mt. Pleasant, South Carolina